# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER DMETRI NAILING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. PROCK, et.al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00891-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION BE DISMISSED, WITHOUT PREJUDICE<br><br>[ECF No. 1] |

　　　　Plaintiff Xavier Dmetri Nailing is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's complaint, filed June 29, 2018.

## I.

## SCREENING REQUIREMENT

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On April 10, 2018, Plaintiff placed Defendant on notice that in less than two weeks he would be over-detained and subjected to false imprisonment if he were not given the 261 days of pre-sentencing credits awarded on November 17, 2016. Plaintiff requested that Defendant D. Prock credit a total of 337 days instead of the 26 days that the California Department of Corrections and Rehabilitation (CDCR) credited Plaintiff. Defendant D. Prock stated CDCR will only contact the court if there is a discrepancy between legal documents. Plaintiff showed Prock the discrepancy between court documents and orders in case number BA441591 dated November 17, 2016, which awarded 261 days then placed Plaintiff on probation. On July 10, 2017, Plaintiff violated probation and he was given a total of 226 credits which created a discrepancy of 111 days of credit. As a result, Plaintiff contends that he been falsely imprisoned and over-detained.

///

///

On September 12, 2017, Plaintiff received an assignment card via CDCR institutional mail for voluntary ABE II. On September 22, 2017, Plaintiff completed and passed benchmark #7 M010B07 of the casas math test. On September 25, 2017, credit was approved by a non-party deponent and witness D. Fernandez, and Plaintiff received a release date change notice.

On May 23, 2018, Plaintiff discovered that his release date had been changed without any notification when he received a CDCR 1897 calculation worksheet dated May 18, 2018. The worksheet indicated that Plaintiff's earlies parole release date is August 19, 2018. Plaintiff then discovered that Defendant Pat Moua rescinded 28 days of credit without any notification or due process on January 29, 2018, because Plaintiff stated that he was a high school graduate and was therefore not eligible for the previous credits reviewed.

On June 11, 2018, Defendant Stubblefield would not give Plaintiff a cold meal. Stubblefield stated, "you took a tray with meat on it." Plaintiff explained that he did not eat meat but he traded it. Defendant Stubblefield then said, "well you cannot get one of the meatless cold meals." Plaintiff stated that he was allergic to most of the foods and the meat would poison him. The next day, Plaintiff went to the Avenal D facility dining hall and asked Stubblefield if he put Plaintiff's "picture up on the wall to embarrass me?" Stubblefield stated, "no it's to avoid this conversation." Plaintiff was denied one of the required meals for eight days. Once Plaintiff was being laughed at and asked sexual questions by other inmates because of the picture, witness Cole conducted an investigation and retrieved the picture that was posted on the wall.

Plaintiff seeks compensatory damages as relief.

### III.
### DISCUSSION

**A.     Credit Calculation**

Plaintiff contends that his pre-sentence credit was incorrectly calculated, and thus he has been erroneously held in custody longer than his sentence required. Plaintiff's claim is barred and he must pursue such claim by filing a habeas corpus petition.

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v.

Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82. Accordingly, Plaintiff's challenge to his pre-sentence and custody credits must be raised by way of habeas corpus petition.

### B.   Exhaustion of Administrative Remedies

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002). Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in sections 3084.1 through 3084.8 of Title 15 of the California Code of Regulations. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate…can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the third level of administrative review. Id.

Here, with regard to Plaintiff's claim that he was denied one meal for eight days, Plaintiff has affirmatively admitted that he has not submitted an appeal to the highest level of review stating, "[t]he only relief is the judicial process plaintiff is already injured." (Compl. at 6, ¶ 5(d). Therefore, Plaintiff's failure to exhaust his administrative remedies prior to filing suit is clear from the face of the complaint. Based on Plaintiff's concession of nonexhaustion, this action must be dismissed, without prejudice. Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201; see also City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."); Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim"); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims.") (citing McKinney, 311 F.3d at 1199). Further, although the Court would typically grant Plaintiff leave to amend due to his pro se status, amendment is futile in this instance because the failure to exhaust cannot be cured by the allegation of additional facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Therefore, the Court will not review Plaintiff's claims on the merits because they are subject to dismissal, without prejudice, under the PLRA.

///

///

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed, without prejudice, for the reasons explained above; and

2. The Clerk of Court randomly assign a District Judge to this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 11, 2018**

UNITED STATES MAGISTRATE JUDGE